2
SHERYL A. STRAIN
CHAPTER 7 TRUSTEE
575 E. ALLUVIAL AVE., #101
FRESNO, CA 93720
PHONE: (559) 435-2100
FAX: (559) 435-5656

FILED
September 13, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003764193

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | Case No.: 09-61312-B-7 |
| RICHARD S. MUNOZ | DC No.: SAS-2 |
| | **MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY** |
| Debtor. | Date: October 12, 2011 |
| | Time: 10:00 A.M. |
| | Dept: B |
| | Judge: Honorable W. Richard Lee |

**TO THE HONORABLE W. RICHARD LEE UNITED STATES BANKRUPTCY JUDGE:**

1. Sheryl A. Strain is the duly appointed qualified, and acting Trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on November 19, 2009, and Sheryl A. Strain was appointed Chapter 7 Trustee.

3. This Court has jurisdiction over this proceeding by virtue of U.S.C. §1334(a). This a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this estate is a 2006 Yamaha Rapture ATV ("Yamaha"), with an approximate fair market value of $1,500.00.

5. The debtor's schedules listed the value of the Yamaha at $1,235.00. The debtor upon amendment of his petition, and specifically upon amendment of his schedule C, did not claim the Yamaha exempt.

6. The Trustee investigated the Yamaha's value, and believes, based upon her experience as a Chapter 7 Trustee, that the Yamaha has value as follows:

| Estimated Fair Market Value | Debtor's Exemption | Costs of Sale | Net to Estate |
| --- | --- | --- | --- |
| $ 1,500.00 | $ 0.00 | $ 325.00 | $ 1,175.00 |

7. The Trustee has received an offer from the debtor, Richard S. Munoz, to purchase the non-exempt equity in the Yamaha for the total sum of One Thousand One Hundred Seventy Five and 00/100 Dollars ($1,175.00) cash. The total sum of $1,175.00 has been received by the estate, and deposited to an estate account.

8. In deciding to accept the proposed offer, the Trustee took into consideration the fair market value, the current condition, and the costs associated with taking possession of, storing, and selling the Yamaha at auction. The Trustee does not believe that the estate would net a higher amount by selling the Yamaha at auction.

9. The Trustee believes that sale of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

**WHEREFORE,** the Trustee prays that after appropriate notice and opportunity to be heard, she be authorized to sell the above-described asset to the debtor, Richard S. Munoz, for the total sum of $1,175.00.

Dated: 9/13/11

    /s/ Sheryl A. Strain  
Sheryl A. Strain  
Chapter 7 Trustee

MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY